UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: IN THE MATTER OF                                 CIVIL ACTION
MARQUETTE TRANSPORTATION
COMPANY, LLC, ET AL.
                                                        NO: 18-9749

                                                        SECTION: "J" (2)

## ORDER AND REASONS

Before the Court is a *Motion to Appeal Magistrate's Decision* **(Rec. Doc. 18)** filed by the Petitioners in Intervention—Kenneth Fredric, Donaldsonville Glass & Body Works, Inc., Nolan Guillot, Jr., and First & Last Chance, et al., a class of litigants who filed a class action in the 23rd Judicial District Court for Parish of St. James, Louisiana (No. 39022) for their economic losses resulting from closure of the Sunshine Bridge.[1] Marquette Transportation Company, LLC ("Marquette") filed an opposition (Rec. Doc. 19), and Petitioners filed a reply. (Rec. Doc. 22).

Petitioners contend the Magistrate's January 16, 2019 order contains three separate errors: (1) the order incorrectly applies a procedural rule to deny a substantive right created by saving to suitors clause, 28 U.S.C. 1333(1); (2) the order incorrectly applies a literal interpretation of Fed. R. Civil Proc. Supp. R. F(5), by holding the rule requires anyone opposing the limitation to file a claim; and (3) the order incorrectly denied the petitioners' request to lift the stay because the stay is

---

[1] The Court does not reach Marquette's argument that the intervention should be denied because Petitioners have moved this court as a class in spite of Fifth Circuit precedent finding that class actions are incompatible with concursus proceedings.

1

overbroad.[2] Petitioners raise these first and third issues for the first time in their appeal, and these arguments might therefore be considered waived. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). The Court considers Petitioner's second argument, that the Magistrate misapplied RuleF(5), first.

The crux of the Petitioner's position is that they should be allowed to intervene and lift the stay because they are asserting only state law claims.[3] They say that because they are not "claimants" under federal law, they are not required to file a claim in order to contest Marquette's "right to limitation of liability," as is clearly contemplated by Rule F.[4] As Petitioners candidly admit, by framing their claim in such a way, they seek to side-step the clearly established maritime rule that "denie[s] a plaintiff recovery for economic loss if that loss resulted from physical damage to property in which he had no proprietary interest." *State of Louisiana ex rel. Guste v. M/V TESTBANK*, 752 F.2d 1019, 1022 (5th Cir. 1985) (en banc). Magistrate Judge Wilkinson held that the Petitioners must file a claim in accordance with Rule F(5), before they could raise their arguments. In so doing, the Magistrate relied on a decision from the Eighth Circuit, *In re American River Transportation. Co.*, 728 F.3d 839 (8th Cir. 2013). In *American River*, the Eight Circuit held that "Rule F(5) creates

---

[2] (Rec. Doc. 18).
[3] Petitioners seek to recover under a line of Louisiana cases recognizing economic losses realized as a result of blocked thoroughfares and pursuant to La. Civ. Code Ann. art. 458: "Works built without lawful permit on public things, including the sea, the seashore, and the bottom of natural navigable waters, or on the banks of navigable rivers, that obstruct the public use may be removed at the expense of the persons who built or own them at the instance of the public authorities, or of any person residing in the state. The owner of the works may not prevent their removal by alleging prescription or possession."
[4] "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." Fed. R. Civil Proc. Supp. R. F(5).

statutory standing requirements for challenging limitation actions." 728 F.3d at 842. To the Court's knowledge, the Fifth Circuit has made no ruling on this issue and in the absence of such contrary binding precedent, the Magistrate's decision is not "clearly erroneous" or "contrary to law."[5] The Supplemental Rules provide the proper procedure for challenging the limitation action—this process does not require intervention, and it was not error to deny intervention in this proceeding.

Petitioners also argue the saving to suitors clause, 28 U.S.C. 1333(1), prohibits the Magistrate's order that Petitioners file a claim in accordance with Rule F. However, the Magistrate implicitly considered the clause when he applied the law of *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995), a case which examined the "'recurring and inherent conflict' between the exclusive jurisdiction vested in admiralty courts by the Limitation of Liability Act and the common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333." *Texaco*, 47 F.3d at 767. The Magistrate correctly applied *Texaco* in denying the Petitioners' motion to lift the stay because the requirements set out for allowing a state court proceeding were not met: all possible claimants did not stipulate that the federal court has exclusive jurisdiction or that the claimants will not pursue enforcement of a judgment in excess

---

[5] Fed. R. Civ. Proc. 72(a). Furthermore, courts are of course bound to apply the "literal interpretation" of the Rules, unless the plain meaning would produce an absurd result. The result of the Magistrate's ruling is far from absurd. While the Fifth Circuit has not had opportunity to consider whether Rule F(5) creates a standing requirement, it has emphatically rejected the Petitioners' suggestion that they should be allowed to lift the stay because state law affords them relief that federal does not. *See In re Bertucci Contracting Co., L.L.C.*, 712 F.3d 245, 247 (5th Cir. 2013) ("Appellants' argument that recovery under state law is available even if maritime law bars recovery is foreclosed by circuit precedent and by principles of maritime law."). "[T]his question seems to us to need no more words." *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 308 (1927).

3

of the value of the ship and its freight until the Court determines the shipowner's right to limit liability. *Id.* at 768. Finally, finding that the order denying intervention and declining to lift the stay was not erroneous, the Court declines to consider the scope of the stay in this posture. This issue should be determined in the proper course of the proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Appeal Magistrate's Decision* **(Rec. Doc. 18)** is **DENIED**. The Magistrate's order (Rec. Doc. 17) is **AFFIRMED**.

New Orleans, Louisiana, this 12th day of March, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE